UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LOREN RESHAWN MICKEY,

      Plaintiff,

v.                                           CASE NO. 3:18-cv-800-J-32JBT

GARY P. FLOWER,

      Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis* ("Motion") (Doc. 2). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED without prejudice**.

In its prior Order (Doc. 5), the Court took the Motion under advisement and stated that Plaintiff's Amended Complaint (Doc. 3) was deficient. The Court noted that it was "impossible to discern what cause(s) of action Plaintiff intends to bring

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

against Defendant (Duval County Court Judge Gary P. Flower) as the Amended Complaint contains no claims for relief, no factual allegations, and no demand for relief.  Instead, the Amended Complaint consists only of citations to various legal principles and one reference to Duval County Court case number 2018-CC-7299." (Doc. 5 at 3–4.)  The Court concluded that "it appears Plaintiff is attempting to sue Judge Flower based on state-court eviction proceedings." (*Id.* at 4.)  However, as the Court noted in its prior Order, such relief is almost certainly barred by the *Rooker-Feldman* doctrine, and "it appears overwhelmingly likely that Judge Flower is immune from any claim for damages." (*Id.* (citations omitted)).

The Court ordered Plaintiff to file a proper second amended complaint on or before August 13, 2018.  (*Id.* at 6.)  Plaintiff was cautioned that failure to comply with the Court's instructions would "likely result in a recommendation to the District Judge that the IFP Motion be denied and that this case be dismissed." (*Id.*)  To date, Plaintiff has not filed an amended complaint.[2]  For this reason, and the reasons stated in the prior Order, the undersigned recommends that this case be dismissed for Plaintiff's failure to state a claim on which relief may be granted and failure to prosecute.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.

---

[2] Plaintiff submitted a filing entitled "Affidavit of Status" the same day the Court's prior Order was entered.  (Doc. 6.)  This filing does not cure the deficiencies identified in the Court's prior Order or otherwise state a claim for which relief can be granted.

2. The case be **DISMISSED without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on August 22, 2018.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Pro Se Plaintiff